IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNIVERSE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3320 |
| | § | |
| AMERIQUEST MORTGAGE COMPANY *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

This case arises from a typical foreclosure dispute. On August 1, 2018, Suniverse purchased a property from the defaulting borrowers. Wells Fargo foreclosed six days later on the basis of its rights as assignee of the deed of trust from the original lender. Suniverse sued Wells Fargo in state court, arguing that it lacked authority to foreclose. Suniverse brought additional claims against Bank of America Specialized Loan Servicing LLC, Specialized Loan Servicing LLC, and against Jack Palmer, who were mortgage servicers, for a fraudulent lien, TEX. CIV. PRAC. & REM. CODE § 12.002, and common-law claims of fraud, negligence *per se*, and gross negligence. (*Id.*). The defendants removed. (Docket Entry No. 1). Suniverse voluntarily dismissed its claims against Jack Palmer. (Docket Entry No. 16 at 6). Bank of America now moves for judgment on the pleadings, to which Suniverse has responded. (Docket Entries No. 9, 16).

After reviewing the pleadings, the motion and response, the record, and the applicable law, the court grants judgment for Bank of America, for the reasons stated in detail below.

I.  **Background**

In July 2014, Pamela Young and James Jones executed a note and deed of trust in favor of Ameriquest for a $160,000 mortgage on a property in Sugar Land, Texas. (Docket Entry No. 16 at 6). Citigroup purchased Ameriquest in 2007. (Docket Entry No. 1-1 at 11). In June 2015, Ameriquest executed a "Corporation Assignment of Deed of Trust," assigning its interest under the deed of trust to Wells Fargo. (*Id.*). The borrowers defaulted; as of February 2018, the borrowers were 113 months behind on their payments. (*Id.* at 60). On August 1, 2018, they sold the property to Suniverse. Six days later, Wells Fargo foreclosed on the property under the state court's expedited foreclosure order. (*Id.* at 7).

Suniverse sued in state court, alleging that Bank of America was a mortgage servicer that had wrongfully claimed the power of sale under the deed of trust. (Docket Entry No. 1-1 at 2). In its state-court petition, Suniverse asserted six claims against Bank of America: (1) declaratory judgment for lack of standing to foreclose; (2) quiet title; (3) violation of Tex. Civ. Prac. & Rem. Code § 12.002; (4) negligence *per se*; (5) gross negligence; and (6) fraud. (*Id.* at 9). Suniverse asked for exemplary and punitive damages, declaratory relief, and attorney's fees. (*Id.* at 24).

Suniverse alleged that Ameriquest was "defunct" and had lacked the power to assign the note and the deed of trust to Wells Fargo. As a result, Suniverse alleges, the defendants did not have authority to foreclose. Suniverse also argues that Wells Fargo waited to foreclose until after the borrowers had been in default on their mortgage payments for over 113 months, beyond the four-year statute of limitations for mortgage foreclosures under Texas law. (*Id.* at 11, 13).

Bank of America moves for judgment on the pleadings, arguing that: (1) Suniverse does not have standing to challenge the validity of the deed-of-trust assignment; (2) Suniverse's claims are

barred by the statute of limitations; (3) Suniverse failed to plead sufficient facts to state plausible claims under Rule 12(b)(6); and (4) there is no basis for Suniverse's claims for quiet title, declaratory judgment, or attorney's fees and costs.

## II. Analysis

### A. The Legal Standard

"A motion brought pursuant to [Federal Rules of Civil Procedure] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); FED. R. CIV. P. 12(c). The Rule 12(c) and Rule 12(b)(6) standards are the same. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2002). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Par. Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court has explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

A court considers only the pleadings in deciding a motion for judgment on the pleadings, *see Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), but

"[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *See, e.g., Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B. The 2015 Assignment

Suniverse argues that the 2015 deed of trust assignment was invalid and did not transfer the ownership of the security instruments to Wells Fargo. "Courts in the Fifth Circuit have repeatedly held that borrowers do not have standing to challenge the assignment of their mortgages because they are not parties to those assignments." *Metcalf v. Deutsche Bank Nat'l Tr. Co.*, No. 3:11-cv-3014-D, 2012 WL 2399369, at *5 (N.D. Tex. June 26, 2012). The Fifth Circuit has found that "in Texas[,] an obligor cannot defend against an assignee's effort to enforce [an] obligation on a ground that merely renders the assignment voidable at the election of the assignor," but the obligor "*may* defend on any ground which renders the assignment void." *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 225 (5th Cir. 2013) (emphasis original); *see also Golden v. Wells Fargo Bank, N.A.*, No. 13–50158, 2014 WL 644549, at *2 (5th Cir. Feb. 20, 2014); *Fulcrum Enters., LLC v. Bank of Am., N.A.*, No. 13-cv-1930, 2014 WL 1669098, at *3 (S.D. Tex. Apr. 25, 2014); *Lopez v. Sovereign Bank, N.A.*, No. 13-cv-1429, 2014 WL 1315834, at *7 (S.D. Tex. Mar. 31, 2014); *Van Duzer v. U.S. Bank Nat. Ass'n*, No. 13-cv-1398, 2014 WL 357878, at *8 (S.D. Tex. Jan. 31, 2014); *Felder v. Countrywide Home Loans*, No. 13-cv-0282, 2013 WL 6805843, at *18 (S.D. Tex. Dec. 20, 2013). A debtor may challenge a void assignment because "a void assignment would not pass title, and the debtor has an interest to insure himself that he will not have to pay the same claim twice."

*Washington v. JP Morgan Chase*, No.-SA-11-cv-763-XR, 2013 WL 636054, at *8 (W.D. Tex. Feb. 20, 2013) (quotations omitted).

Suniverse argues that the 2015 assignment is void, because Ameriquest sold its assets to Citigroup in 2007 and was "defunct" when it assigned the deed of trust to Wells Fargo. (Docket Entry No. 1-1 at 10–11). Suniverse argues that the 2015 assignment was a fraudulent transaction because Ameriquest did not have power to assign the deed of trust and the note. (*Id.* at 11). Although Suniverse frames this argument as one based on "fraud," it challenges the assignor's authority. This argument has been consistently and "clearly recognized" as a ground that "merely renders the [a]ssignment voidable, not void." *Powe v. Detsche Bank Nat'l Trust Co.*, 2016 WL 4054913, at *3 (E.D. Tex. July 29, 2016) (citing *Reinagel*, 735 F.3d at 224–28); *Melendez v. Citimortgage, Inc.*, No.3-14-0029, 2015 WL 5781103, at *5 n.3 (Tex. App.—Austin Oct. 2, 2015). Suniverse does not have standing to challenge the validity of the 2015 assignment.

Judgment on the pleadings is granted for Bank of America as to Suniverse's claims based on the 2015 assignment's validity. These claims include Suniverse's claims for declaratory judgment, quiet title, negligence, and negligence *per se*. The court need not address Bank of America's statute-of-limitation argument.

### C.     The Texas Civil Practice and Remedies Code § 12.002

Suniverse argues that Bank of America violated § 12.002 of the Texas Civil Practice and Remedies Code by making, presenting, or using documents and records that fraudulently represent their rights to the property. (Docket Entry No. 1-1 at 15–16). To state a claim under § 12.002(a), a plaintiff must plead sufficient facts showing that the defendant:

> (1) made, presented, or used a document with knowledge that it was a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2) intended that the document be given legal effect; and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

*Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 783 (5th Cir. 2015); TEX. CIV. PRAC. & REM. CODE § 12.002(a).

Suniverse's § 12.002 claim fails because it does not have standing to sue. *Powe*, 2016 WL 4054913, at *3. It also fails because Sunvierse merely recites the statutory language. Its state-court petition does not specify which documents were forged or allege facts showing that the defendant had knowledge of any fraudulent documents. Suniverse fails to allege sufficient facts to state a plausible claim under Rule 12(b)(6). The court grants judgment in favor of Bank of America. *Gentilello*, 627 F.3d 540 at 543–44.

### D. Negligence *Per Se* and Gross Negligence

Suniverse alleges negligence *per se* and gross negligence, arguing that the defendants violated § 12.002(a) of the Texas Civil Practices and Remedies Code and § 192.007 of the Texas Local Government Code. (Docket Entry No. 1-1 at 18). Suniverse's argument is based on the same insufficient allegation that Ameriquest did not have power to assign the note and the deed of trust. Judgment on the pleadings for Bank of America denying these claims is granted for lack of standing. *Powe*, 2016 WL 4054913, at *3.

### E. Fraud

To state a fraud claim under Texas law, the plaintiff must allege sufficient facts to show: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act on it; (5) the party acted in reliance on the representation; and (6) the party suffered injury.

*Saenz v. Gomez*, 899 F.3d 384, 391 (5th Cir. 2018) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).

When a party is alleging fraud or mistake, the pleading must "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *United States et rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). The particularity requirement does not "reflect a subscription to fact pleading." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). Instead, pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud, which . . . must make relief plausible, not merely conceivable." *Grubbs*, 565 F.3d at 185 (internal quotations omitted).

The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (quoting *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)). Suniverse alleges that the defendants intentionally misrepresented their right to foreclose on the property, but it alleges no facts that could provide a reasonable basis to infer that the defendants had knowledge that the assignment was invalid. Nor does Suniverse allege facts that could show circumstances of the alleged fraud. The court grants judgment in Bank of America's favor on the fraud claim. *See Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (affirming the district court's dismissal because the plaintiff failed to allege that the noteholder made a representation that was either material or false).

E.     **The Other Claims**

Suniverse fails to plead a plausible claim for a declaratory judgment, injunctive relief,

exemplary and punitive damages, or attorney's fees and costs. Judgment on the pleadings for Bank of America on these claims is granted.

## IV. Conclusion

Suniverse does not have standing to challenge the validity of the 2015 assignment and failed to state plausible claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court grants judgment on the pleadings for Bank of America on each of Suniverse's claims. (Docket Entry No. 9).

SIGNED on October 30, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge