IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNIVERSE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3320 |
| | § | |
| AMERIQUEST MORTGAGE | § | |
| COMPANY *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.    Background**

This case arises from Wells Fargo's foreclosure on a home following mortgage default. The facts are set out in detail in the court's earlier Memorandum and Opinion. (Docket Entry No. 18). Briefly, in 2014, two borrowers, James Jones and Pamela Young, executed a Note and Deed of Trust in favor of Ameriquest for a $160,000 mortgage on a residence in Sugar Land, Texas. (Docket Entry No. 16 at 6). Ameriquest assigned the Deed of Trust to Wells Fargo in June 2015. Wells Fargo foreclosed on the property in August 2018. Six days before the foreclosure sale, Suniverse bought the property from the borrowers. The foreclosure proceeded.

Suniverse sued Wells Fargo and the mortgage servicers, Bank of America Specialized Loan Servicing LLC, Specialized Loan Servicing LLC, and Jack Palmer, alleging that the defendants lacked authority to foreclose on the loan. Suniverse asserted claims that: (1) the defendants lacked standing to foreclose; (2) Wells Fargo could not foreclose because the statute of limitations had expired; (3) Suniverse was entitled to a ruling of quiet title; (4) the defendants violated the Texas Civil Practice and Remedies Code § 12.002; (5) the defendants were negligent *per se*; (6) the

defendants were grossly negligent; (7) the defendants committed fraud; and (8) Wells Fargo must provide an accounting. (Docket Entry No. 1-1 at 9).

The court granted Bank of America's motion for judgment on the pleadings as to claims (1), (3), and (4) to (7). (Docket Entry No. 18). Wells Fargo then moved to dismiss, to which Suniverse responded. (Docket Entries No. 19, 21). The court heard argument on this motion, ordered Wells Fargo to supplement the record with an affidavit proving up Ameriquest's corporate resolution as its basis for assigning the Deed of Trust, and ordered Wells Fargo to file a supplemental brief, responding to Suniverse's statute-of-limitations argument. Wells Fargo did so, and Suniverse responded. (Docket Entries No. 25, 26).

After reviewing the pleadings; the motion, response, and reply; the record; the applicable law; and counsels' argument, the court grants Wells Fargo's motion to dismiss. Alternatively, the court's earlier order, allowing the parties to supplement the record and briefs and the opportunity to respond, allowed the court to treat the motion as one for summary judgment, and Wells Fargo has shown its entitlement to summary judgment on all claims.

Final judgment is entered by separate order. The reasons are stated in detail below.

## II.     Analysis

Suniverse argues that the Deed of Trust is invalid because Ameriquest was defunct when it assigned the Deed. Wells Fargo attached an April 2007 Corporate Resolution authorizing the officers of Countrywide Home Loans, Inc. and its affiliates to execute the Deed of Trust assignment on behalf of Ameriquest. Wells Fargo also submitted an affidavit from a Bank of America assistant vice president, Ryan Dansby, stating that in April 2007, Ameriquest executed the Resolution.

(Docket Entry No. 25-1 at ¶ 6). In April 2009, Countrywide Home Loans Servicing, LP changed its name to BAC Home Loans Servicing, LP, and in July 2011, it merged into Bank of America.

Whether reviewed under Rule 12(b)(6) or Rule 56, Suniverse cannot pursue this claim. As stated in the court's earlier Memorandum and Opinion, Suniverse lacks standing to challenge the validity of the Deed of Trust. Suniverse's argument, assumed as true, would make the assignment voidable, not void.[1] *Powe v. Detsche Bank Nat'l Tr. Co.*, No. 4:15-cv-661, 2016 WL 4054913, at *3 (E.D. Tex. July 29, 2016); *Melendez v. Citimortgage, Inc.*, No.3-14-0029, 2015 WL 5781103, at *5 n.3 (Tex. App—Austin Oct. 2, 2015). Suniverse has not shown that it needs specific discovery to frame a response to Wells Fargo's motion. The undisputed record facts preclude Suniverse's claims, as a matter of law.

Suniverse's claims also fail because its complaint did not allege sufficient facts to state plausible claims for fraud, negligence *pro se*, gross negligence, or violations of the Texas Civil Practice and Remedies Code § 12.002. (Docket Entry No. 18). For the same reasons as were identified in the court's earlier Memorandum and Opinion, Suniverse's claims (1), (3), (4), (5), (6), (7) against Wells Fargo fail. These claims are dismissed under Rule 12, with prejudice, because amendment would be futile. They are also dismissed under Rule 56, because Suniverse does not identify specific discovery needed to respond to the motion, and because the undisputed facts preclude recovery as a matter of law.

---

[1] Suniverse's claim also fails because Ameriquest validly assigned the Note and Deed of Trust through the Corporate Resolution. (Docket Entry No. 25-1 at ¶ 6).

Suniverse's claims (2) and (8) remain, raising two issues: (1) whether Wells Fargo violated the statute of limitations by foreclosing on the property; and (2) whether Suniverse has the right to demand an accounting from Wells Fargo.

**A.     The Statute of Limitations**

   **1.     Rule 12(b)(6)**

Suniverse argues that the Texas Civil Practice and Remedies Code § 16.035 bars Wells Fargo's foreclosure because the four-year limitations period had expired. Under Texas law, a secured lender "must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16. 035(a). When the four-year limitations period expires, the property lien and the power to enforce it become void, and the lender may no longer foreclose. TEX. CIV. PRAC. & REM. CODE § 16. 035(d). But if "a note or obligation is payable in installments [and] is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F. 3d 99, 104 (5th Cir. 2015) (citing *EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 335 (Tex. Ct. App. 2008)). If a note or deed of trust secured by real property contains an optional acceleration clause, as here, the action accrues "only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (citation omitted). To exercise this option, the holder must send "both a notice of intent to accelerate and a notice of acceleration" that are "clear and unequivocal." *EMC Mortg. Corp.*, 264 S.W.3d at 335–36.

According to Suniverse, by March 2018, before it bought the property, Jones and Young had missed 113 mortgage payments in the previous 9 years. (Docket Entry No. 1-1 at 19). Suniverse

4

alleges that "*at some point* during those nine years, and *probably* over four years before August 7, 2018, Jones and Young must have received a notice of intent to accelerate and a notice of acceleration." (*Id.* (emphasis added)). Suniverse speculates that Ameriquest or Wells Fargo had sent Jones and Young a notice of intent to accelerate and a notice of acceleration more than four years before Wells Fargo foreclosed. Wells Fargo disputes these allegations, arguing that it sent Jones and Young a Notice of Default and Intent to Accelerate in February 2016, and a Notice of Acceleration in June 2018. Wells Fargo foreclosed on the property within four years after the limitations period accrued in June 2018. (Docket Entry No. 19 at 10).

In considering a Rule 12(b)(6) motion to dismiss, a court limits itself to the contents of the pleadings, unless the documents that the defendant attaches to the motion to dismiss are referred to in the plaintiff's complaint and are central to the claim. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Suniverse's complaint does not allege when the debtors received the notices. It only speculates that Wells Fargo sent a notice of intent to accelerate and a notice of acceleration sometime four years before 2016 or 2018, allegedly triggering the limitations period and barring the 2018 foreclosure. The speculative allegations fail to state a plausible statute-of-limitations violation. *See DTND Sierra Invs. LLC v. Bank of NY Mellon Tr. Co., N.A.*, 958 F. Supp. 2d 738, 749 (W.D. Tex. 2013) (the complaint assertion that a notice of acceleration was "filed with the real property records more than four years from the date of foreclosure" did not state a plausible claim); *Johnson v. Citigroup Mortg.*, No.5:16-cv-1114, 2017 WL 3337268, at *16–*17 (W.D. Tex. Aug. 3, 2017) (the allegation that the note was accelerated at "some point" could not state a plausible claim challenging the foreclosure based on the statute of limitations). Suniverse's claim fails under Rule 12(b)(6).

  **2.**  **Suniverse's Request for Leave to Amend**

Suniverse asked for leave to conduct discovery and amend its complaint to try to cure the complaint deficiency. According to Suniverse, discovery may show that Ameriquest or Countrywide Home Loans had accelerated the borrowers' Note before February 12, 2012. If so, after February 11, 2016, Wells Fargo would be barred by the four-year statute of limitations from either foreclosing on the loan or rescinding an earlier notice of acceleration. *PNC Bank Nat'l Ass'n. v. Fisher*, No.15-cv-01217, 2017 WL 2819893 (S.D. Tex. June 28, 2017) (although a bank generally can rescind a prior notice of acceleration, rescission and foreclosure are barred if the bank failed to either rescind the notice of acceleration or to foreclose on the loan within four years).

Suniverse alleges that in March 2011, Jones and Young filed for bankruptcy under Chapter 13. (Docket Entry 26 at ¶ 6). On April 16, 2014, Bank of America filed a motion in the bankruptcy court to lift the automatic stay so it could proceed with foreclosing on the property. Under the Deed of Trust, the loan had to be accelerated before the lender could foreclose. (Docket Entry No. 26-5, at 13). Suniverse argues that Bank of America's motion to lift the automatic stay to proceed with the foreclosure was itself an acceleration of the loan. The motion was filed in April or May 2014, more than four years before Wells Fargo's foreclosure sale in August 7, 2018. (Docket Entry No. 26 at ¶ 6). Suniverse asks for leave to amend its complaint to plead this basis for claiming that the statute of limitations accrued in April or May 2014.

Wells Fargo objected, arguing that Suniverse's statute-of-limitations claim must be dismissed with prejudice, because amendment would be futile. Wells Fargo has produced its loan file to Suniverse. The file does not contain a notice of acceleration before December 2014, and it does contain the Notice of Default sent in 2016. Suniverse referred to the Notice of Default in its complaint and it was attached to the motion to dismiss. The Notice is properly considered under Rule 12(b)(6). And, if Dansby's affidavit is considered, that is additional support for the lack of any

6

evidence of a notice of acceleration sent to the borrowers before December 2014 by Ameriquest, Countrywide, or Bank of America.

The loan file and the affidavit also show that even if the Note had been accelerated, Wells Fargo's 2016 Notice of Default rescinded that acceleration. (Docket Entry No. 25-1 at ¶ 10). Under Texas law, a noteholder accelerating a note after the borrower defaults may rescind the acceleration unilaterally. *Boren*, 807 F.3d at 105–06; *Murphy v. HSBC Bank USA*, 95 F. Supp. 3d 1025, 1039 (S.D. Tex. 2015) (citing *DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Tr. Co.*, 958 F. Supp. 2d 738, 749–50 (W.D. Tex. 2013)). The noteholder may rescind by sending another notice of default, demanding the overdue payment under the note rather than full payment, even if full payment had been demanded in an earlier acceleration notice. *Boren*, 807 F.3d at 106; *see also Alcala v. Deutsche Bank Nat'l Tr. Co.*, No. H-15-3627, 2016 WL 4363403, at *3 (S.D. Tex. Aug. 2016) (the bank rescinded its earlier acceleration by sending a notice of default seeking payment of only the amount overdue under the note rather than the full balance). A party seeking to avoid limitations by claiming abandonment or rescission bears the burden of proving that the abandonment or rescission occurred. *Murphy v. HSBC Bank USA*, No. H-12-3278, 2017 WL 393595, at *17 (S.D. Tex. Jan. 30, 2017).

Suniverse's proposed pleading amendment would allege that the Note was accelerated in April or May 2014. This amendment would be futile because Wells Fargo's 2016 Notice of Default rescinded the earlier acceleration. Wells Fargo attached to its reply the 2016 Notice, which demanded payment of "$153,836.25 to cure the default." (Docket Entry No. 19-1 at 45). This was the amount overdue under the Note, not the full balance. The 2016 Notice rescinded any 2014 acceleration, moving the Note's maturity date to February 12, 2016. *EMC Mortg. Corp.*, 264 S.W.3d at 335–36; *see also PNC Bank*, 2017 WL 2819893 (the rescission would be valid if it was sent to

7

the borrowers within four years after the earlier notice of acceleration). Based on *PNC Bank*, 2017 WL 2819893, Wells Fargo would be barred from rescinding a prior notice of acceleration by its 2016 Notice only if the rescission was sent more than four years after the earlier notice. Suniverse's proposed amendment cannot show that the borrowers received a prior notice of acceleration more than four years before the 2016 Notice, as needed to bar Wells Fargo's rescission.

Suniverse argues that the court may not consider Wells Fargo's exhibits or affidavit in deciding the motion to dismiss. (Docket Entry No. 26 at ¶ 5, citing *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980); *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977)). This argument is unpersuasive. The loan file has been provided to Suniverse, and the loan documents are referred to in Suniverse's complaint and are central to its claims. The 2016 Notice is attached to Wells Fargo's motion to dismiss. Suniverse has alleged no basis to support its speculation that, contrary to the documents, the borrowers received a notice of acceleration more than four years before the 2016 Notice that would have changed the accrual date for the statute of limitations. Additional amendments to Suniverse's complaint would be futile.

Suniverse's statute-of-limitations claim is dismissed, with prejudice.

**B.     The Request for an Accounting**

Suniverse also seeks an accounting of the charges to, and payments against, the loan. (Docket Entry No. 1-1 at 26). Suniverse alleges:

> Pursuant to the principles established under Texas common law, Plaintiff is entitled to, and therefore seeks, a complete accounting of the loan that is the subject of this Petition.
>
> Plaintiff demands that Defendants produce a full accounting of the charges to and payments against the loan.

(*Id.*).

Wells Fargo moves to dismiss Suniverse's request for an accounting because it fails to allege a plausible theory or legal basis in support. An accounting is "a remedy, not a cause of action, and cannot stand as an independent claim." *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013). It is not available if the plaintiff fails to allege a plausible cause of action. *Id.* (citing *Franklin v. BAC Home Loans Servicing, LP.*, No.3:10-cv-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012)); *see also Casey v. Fed. Home Loan Mortg. Ass'n*, No. H-11-3830, 2012 WL 1425138, at *9 (S.D. Tex. Apr. 23, 2012) (dismissing the plaintiff's request for an accounting for failure to allege a theory in support). Because Suniverse does not allege or identify a factual basis or legal theory to support its request fo an accounting, Wells Fargo's motion to dismiss is granted.

## III. Conclusion

Suniverse lacks standing to challenge the validity of the 2015 assignment and fails to state plausible claims against Wells Fargo. Wells Fargo's motion to dismiss, (Docket Entry No. 19), is granted. Suniverse's claims are dismissed, with prejudice. Alternatively, because the parties were allowed to supplement, because Suniverse identifies no discovery needed to frame a response, and because undisputed record evidence shows Wells Fargo's entitlement to judgment as a matter of law, summary judgment is also appropriate. Final judgment is separately entered.

SIGNED on January 23, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

9